Evans v Bloomberg L.P. (2021 NY Slip Op 02872)





Evans v Bloomberg L.P.


2021 NY Slip Op 02872


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 160707/19 Appeal No. 13766 Case No. 2020-03384 

[*1]Laurie Evans, Plaintiff-Respondent,
v
Bloomberg L.P., et al., Defendants-Appellants, John Does #1-10 Defendants.


Proskauer Rose LLP, New York (Elise M. Bloom of counsel), for appellants.
Law Office of Niall MacGiollabhui, New York (Niall MacGiollabhui of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about August 4, 2020, which, insofar as appealed from, denied the branch of defendants' motion to dismiss plaintiff's fraudulent inducement claim, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
The release in the severance agreement between plaintiff and defendant Bloomberg L.P. (Bloomberg), in which plaintiff agreed to release Bloomberg "from any and all causes of action, claims or demands up to the date of this Agreement, known or unknown," bars her fraudulent inducement claim based on the allegedly false representation that she was terminated from her position due to a strategic restructuring in the company (Centro Empresarial Cempresa S.A. v. AmÉrica M vil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]). Contrary to plaintiff's contention, the language of the release is sufficiently broad to encompass her fraudulent inducement claim (see Avnet, Inc. v Deloitte Consulting LLP, 187 AD3d 430, 431 [1st Dept 2020]). Furthermore, the severance agreement advised plaintiff to consult with an attorney and allowed her 45 days to sign and seven days to revoke after signing, undermining plaintiff's claims that the agreement was not "fairly and knowingly made" (Centro Empresarial Cempresa S.A., 17 NY3d 276 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021